1  Leonard M. Shulman – Bar No. 126349
   Lynda T. Bui – Bar No. 201002
2  Rika M. Kido – Bar No. 273780
   **SHULMAN HODGES & BASTIAN LLP**
3  100 Spectrum Center Drive, Suite 600
   Irvine, California 92618
4  Telephone:    (949) 340-3400
   Facsimile:    (949) 340-3000
5  Email:        lshulman@shbllp.com; lbui@shbllp.com;
                 rkido@shbllp.com
6
   Proposed Attorneys for Charles W. Daff,
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10

| | |
|---|---|
| 11  In re | Case No.  6:15-bk-20070-MJ |
| 12  **MOHAMED SAMIR ASSIL and RAHAF T. ASSIL,** | Chapter  7 |
| 13  Debtor. | Adv. Case No. |
| 14  _____ | **COMPLAINT FOR:** |
| 15  **CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of MOHAMED SAMIR ASSIL and RAHAF T. ASSIL,** | **1.  AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08];** |
| 18  Plaintiff, | **2.  AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551;  CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09];** |
| 19  v. | |
| 20  **SAMEERA M. ASSIL, an individual, and ESTATE OF IVA P. ASSIL** | |
| 21  Defendant. | **3.  DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)];** |
| 22 | **4.  UNJUST ENRICHMENT [11 U.S.C. § 105];** |
| 23 | |
| 24 | **5.  DECLARATORY RELIEF [11 U.S.C. §§ 541, 544;  FRBP 7001(9)]; AND** |
| 25 | **6.  TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |
| 26 | |
| 27 | |
| 28 | |

1

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

Charles W. Daff, solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Mohamed Sumir Assil and Rahaf T. Assil ("Debtors"), hereby brings this Complaint against Sameera M. Assil, an individual ("Sameera") and the Estate of Iva P. Assil ("Iva," collectively with Sameera, the "Defendants") and respectfully complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure, Rules 7001(1) (a proceeding to recover money or property) and (9) (a proceeding to obtain a declaratory judgment relating to any of the foregoing).

2.      Plaintiff, as Trustee for the Debtors' Estate has standing to bring this action under 11 U.S.C. §§ 323, 541, 544, and 550.

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re Mohamed Samir Assil and Rahaf T. Assil*, Case No. 6:15-bk-20070-MJ on the Court's docket.

4.      This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the Estate), (b)(2)(E) (orders to turn over property of the estate), and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances).  To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $18,675.00.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

6.      To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## PARTIES

7.      Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtors' Estate, and brings the claims asserted herein in that capacity.

8.      Plaintiff is informed and believes and thereon alleges that the Defendant, Sameera M. Assil ("Sameera") is an individual residing in the County of Riverside, State of California. Plaintiff is further informed and believes Sameera is the sister of debtor, Mohamed Samir Assil.

9.      Plaintiff is informed and believes and thereon alleges that the Defendant, the Estate of Iva P. Assil, is the unopened probate estate of Iva P. Assil ("Iva") who died on October 28, 2012.  Prior to her death, Iva was an individual residing in the County of Riverside, State of California.  Plaintiff is further informed and believes Iva was the mother of debtor, Mohamed Samir Assil.

## GENERAL ALLEGATIONS

10.      The Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on October 15, 2015 ("Petition Date").

11.      The Plaintiff is informed and believes that as of December 31, 2001, the Debtors owned the residential real property located at 12830 Wildflower Lane, Riverside, California 92503, Assessor Parcel No. 269-371-001 ("Property"), in Riverside County, California.  Title in the Property was vested in the Debtors, "Husband and Wife as Joint Tenants," Document Number 2001-654955.

12.      The Plaintiff is informed and believes that the Debtors paid $433,000.00 for the Property and that all funds used to purchase the Property were community property funds earned during the course of the marriage of the Debtors.

///

2

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

13.    The Plaintiff is informed and believes that in addition to using community property funds to purchase the Property, the Debtors also entered into note with World Savings Bank, FSB, a Federal Savings Bank ("WSB") in the amount of $324,742.00 on December 19, 2001 ("Note").   The Note was secured by a Deed of Trust dated December 19, 2001 and recorded in the Riverside County Recorder's Office on or about December 31, 2001, Document Number 2001-654956 ("DOT").

14.    On their Petition, the Debtors list the Property as their street address and mailing address.

15.    On their Bankruptcy Schedule A, the Debtors do not list an interest in any real property.  Further, on their Bankruptcy Schedule D, the Debtors do not list the DOT.

16.    The Plaintiff is informed and believes that on December 15, 2010, creditor Gryphon Solutions, LLC, ("Gryphon") created a Lis Pendens on the Property by recording a Notice of Pendency of Action in the Riverside County Recorder's Office, Document Number 2010-0602600 ("Lis Pendens").

17.    The Plaintiff is informed and believes that pursuant to a Quitclaim Deed recorded in the Riverside County Recorder's Office on or about March 17, 2011, Document Number 2011-0121537 ("Quitclaim Deed"), the Debtors transferred the Property to debtor Mohamed Samir Assil's mother, Iva P. Assil, for no consideration ("Iva Transfer").

18.    The Plaintiff is informed and believes that pursuant to Grant Deed recorded in the Riverside County Recorder's Office on or about October 17, 2012, Document Number 2012-0495895 ("Grant Deed"), Iva transferred the Property to Sameera M. Assil, a Single Woman, for no consideration ("Sameera Transfer", collectively with Iva Transfer, the "Transfers").

19.    The Plaintiff is informed and believes that Iva died on October 28, 2012.

20.    The Plaintiff is informed and believes that on or about December 12, 2014, Gryphon withdrew the Lis Pendens.

21.    Notwithstanding the Transfers, the Debtors remain in possession of the Property and have been, at all relevant times alleged herein, the owners and/or equitable owners of the Property.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

22.    The Plaintiff is informed and believes, and based thereon alleges that notwithstanding the Transfer, the Defendants never took sole possession of the Property and the Debtors continued to reside in the Property after the Transfer.

23.    The Plaintiff is informed and believes that the Debtors did not receive any consideration from the Defendants in exchange for the Property.

24.    The Plaintiff is continuing his investigation to determine whether additional avoidable transfers were made to the Defendants during the seven (7) years prior to the Petition Date and reserves the right to amend this Complaint to recover any such additional avoidable transfers.  The Plaintiff is informed and believes, and based thereon alleges, that any funds paid to the Defendants during the seven (7) years prior to the Petition Date were preferential and/or fraudulent and are recoverable by Plaintiff under the Bankruptcy Code.

**FIRST CLAIM FOR RELIEF**

**[Avoidance and Recovery of Intentional Fraudulent Transfer]**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08]**

25.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

26.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtors that were listed at the time of the Transfer that still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtors existed following the Transfers who remain unpaid as of the Petition Date.

27.    The Transfers as alleged in Paragraph 18 is of the Debtors' property.

28.    The Transfers were made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

29.    The Transfers were made with the intent to hinder, delay, or defraud the Debtors' creditors.

30.    The Transfers were for no consideration or for less than reasonably equivalent value.

31.    The Transfers were made at a time when the Debtors were insolvent and/or rendered insolvent by virtue of said Transfers.

32.    The Transfers were to or for the benefit of insiders of the Debtors.

33.    The Debtors retained possession or control of the Property after the Transfers.

34.    Before the Transfers were made, the Debtors had been sued.

35.    The Transfers were of substantially all of the Debtors' assets.

36.    The value of consideration received by the Debtors for the Transfers was not reasonably equivalent to the value of the asset transferred or the amount of debt incurred.

37.    The Transfers occurred shortly before or after a substantial debt was incurred.

38.    Based on the foregoing, Plaintiff may avoid the Transfers and recover the value of the Transfers and/or the Property transferred, with an automatic preservation of the Transfers for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 550, and 551, and California Civil Code §§ 3439.04, *et seq.*

## SECOND CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Fraudulent Transfer]**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04,**

**3439.05, 3439.07, 3439.08, 3439.09]**

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

40.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtors that were listed at the time of the Transfers that still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtors existed following the Transfers who remain unpaid as of the Petition Date.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

41.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

42.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made:

(a)    For less than reasonably equivalent value, or any value, and

(b)    At a time when the Debtors were insolvent and/or were rendered insolvent by virtue of the Transfers, and/or

(c)    While the Debtors were engaged or about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction, and/or

(d)    While the Debtors intended to incur, or believed, or reasonably should have believed the Debtors would incur debts beyond the Debtors' ability to pay them as they became due, and/or

(e)    The Debtors made the Iva Transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

43.    Based on the foregoing, Plaintiff may avoid the Transfers and recover the value of the Transfers and/or the Property transferred, with an automatic preservation of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 550, and 551, and California Civil Code §§ 3439.04, *et seq.*

## THIRD CLAIM FOR RELIEF

### [Disallowance of Claims by Defendant]

### [11 U.S.C. §502(d)]

44.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

45.    The Defendants are an entity from which property is recoverable under 11 U.S.C. §550 and Defendant received an avoidable transfer under 11 U.S.C. §544.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

46.    The Defendants have not paid the amount or turned over any such Property for which the Defendants is liable under 11 U.S.C. §522(i), 542, 543, 544, 550, and 553 of the Bankruptcy Code.

47.    Pursuant to 11 U.S.C. §502(d), to the extent the Defendants file a claim against the Debtors' Estate, such claim should be disallowed.

## FOURTH CLAIM FOR RELIEF

### [Unjust Enrichment]

### [11 U.S.C. § 105]

48.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

49.    The Defendants received a benefit through the Transfers, and Defendants retention of the Transfers and/or the value of the Transfers, results in unjust retention of said benefit at the Estate's expense.

## FIFTH CLAIM FOR RELIEF

### [Declaratory Relief as to Sameera]

### [11 U.S.C. §§ 363, 541, 544; FRBP 7001(9)]

50.    Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

51.    Plaintiff and Sameera herein have a dispute in which a declaration of their respective rights is necessary.  Plaintiff is further informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concern the continuing assertion by Sameera that she may assert claims herein, retain the benefits of illegal or wrongful acts of other defendants herein, and/or adopt and ratify the said illegal and wrongful acts, to the damage and prejudice of Plaintiff.

52.    Plaintiff is further informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concerns the continuing assertion by Sameera that she owns the Property, to the damage and prejudice of Plaintiff.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

53.     Plaintiff is informed and believes and thereon alleges that prior to the Transfers, title to Property was vested in the Debtors as "husband and Wife as Joint Tenants."

54.     Plaintiff is informed and believes and thereon alleges that the Debtors used community property funds earned during the course of the marriage to purchase the Property, pay the mortgage on the Property and maintain the Property.

55.     Notwithstanding the Transfers, the Debtors remain in possession of the Property and have been, at all relevant times alleged herein, the owners and/or equitable owners of the Property.

56.     Plaintiff is informed and believes that all appreciation in the Property inures to the benefit of the Estate.

57.     Plaintiff is informed and believes and thereon alleges that the Debtors have an equitable interest in the Property.

58.     Based on all of the above, Plaintiff respectfully requests from this Court a declaration that the Debtors are equitable owners of Property and thus the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code and that the Property must be turned over to be used and sold by the Trustee pursuant to Section 363 of the Bankruptcy Code.

59.     The Plaintiff is entitled to declaratory relief related to this cause of action for the recovery of money or property, other than a proceeding to compel the Debtor to deliver property to the Trustee, or a proceeding under 11 U.S.C. §§ 554(b), 725, Rule 2017, or Rule 6002.

## SIXTH CLAIM FOR RELIEF

### [Turnover]

### [11 U.S.C. § 542]

60.     Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

61.     Plaintiff is entitled to use, sell, or lease the Estate's legal and equitable interests in the Property under 11 U.S.C. § 363.

62.     Defendants shall deliver to the Plaintiff, and account for, the Property, or the value of the Property, unless the Property is of inconsequential value or benefit to the Estate.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

## **PRAYER**

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1.    For a judgment avoiding the Transfers, and declaring that said Transfers be annulled and rendered void as fraudulent transfers, and for an order recovering and preserving the Transfers for the benefit of the Estate, or the value of said Transfers for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfers;

2.    Disallowance of any claims of the Defendants if they fails or refuses to turn over the Property, and/or the value of the Property, pursuant to 11 U.S.C. §502(d);

3.    For a judgment declaring that the Defendants were unjustly enriched by the Transfers, and for an order recovering and preserving the Transfers for the benefit of the Estate, or the value of the Transfers for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfers;

4.    Stating a declaration that the Debtors have an equitable interest in the Property and the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code;

5.    Granting turnover of the legal and equitable interests in the Property, or the value of the Property, from the Defendants pursuant to 11 U.S.C. § 542;

6.    Finding that all appreciation in the Property inures to the benefit of the Estate;

7.    Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

8.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

Dated: February 29, 2016        */s/ Rika M. Kido*
        Leonard M. Shulman
        Lynda T. Bui
        Rika M. Kido
        Attorneys for Charles W. Daff, Chapter 7 Trustee for the
        bankruptcy estate of Mohamed Samir Assil and Rahaf T. Assil

9

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Z:\A-B\Assil, Mohamed & Rahaf\Adv\Pld\Complaint.docx
5090-000/81

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee<br>for the bankruptcy estate of MOHAMED SAMIR ASSIL and<br>RAHAF T. ASSIL, | DEFENDANTS<br>SAMEERA M. ASSIL, an individual, and<br>ESTATE OF IVA P. ASSIL |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rika M. Kido - Bar No. 273780<br>Shulman Hodges & Bastian LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, CA 92618  Telephone: (949) 340-3400 | ATTORNEYS (If Known) |
|---|---|

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee
☐ Creditor   ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee
☐ Creditor   ☒ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: 1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08]; 2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551;  CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]; 3) DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)]; 4) UNJUST ENRICHMENT [11 U.S.C. § 105]; 5) DECLARATORY RELIEF [11 U.S.C. §§ 541, 544;  FRBP 7001 (9)]; AND 6) TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 3 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 1 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 2 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MOHAMED SAMIR ASSIL and  RAHAF T. ASSIL | BANKRUPTCY CASE NO.<br>6:15-bk-20070-MJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE MEREDITH A. JURY |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Rika M. Kido* | | |
| DATE<br>February 29, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rika M. Kido | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.